Case 5:26-cv-00086   Document 28   Filed 03/04/26 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
March 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **BINIYAM ALEMU GEBREMESKEL,** | § § § § | |
| Petitioner, | | |
| VS. | § § § § § § | **CIVIL ACTION NO. 5:26-CV-00086** |
| **WARDEN,** *et al.*, | | |
| Respondents. | | |

## ORDER

Pending before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), filed by Biniyam Alemu Gebremeskel ("Petitioner"), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). Petitioner alleges that his continued detention is unconstitutional under the Fifth Amendment because Respondents have acted with deliberate indifference by depriving him of necessary medical care while in remains in custody. (*See* Dkt. 1 at 4, 9–10; Dkt. 16 at 4–5); *see e.g.*, *Sacal-Micha v. Longoria*, 449 F. Supp. 3d 656, 664 (S.D. Tex. 2020) (outlining the standard for such a claim in the Fifth Circuit.)

On March 3, 2026, Respondents filed a Motion to Dismiss, (Dkt. 27), requesting that the Court dismiss the instant petition as moot because Petitioner's motion for a stay of removal pending review of his appeal was recently denied by the Fifth Circuit Court of Appeals on February 26, 2026. (Dkt. 27, Attach. 2.) Respondents also assert in their Motion that "[a]lthough Immigration and Customs Enforcement (ICE) intends to remove Petitioner, it cannot do so

pursuant to the Court's January 22, 2026 Order requiring Respondents to not transfer Petitioner from this Court's jurisdiction while the matter remains pending." (Dkt. 4.)

The Court now clarifies that its January 22, 2026 Order, (Dkt. 4), prohibits Respondents **only** from transferring Petitioner to another detention center outside of this Court's jurisdiction while he remains in custody in the United States with a pending habeas petition before the Court. The Court's Order, (Dkt. 4), does not prevent Respondents from removing Petitioner from the United States subject to a valid and lawfully issued order of removal.

However, in light of these developments in Petitioner's removal proceedings and Respondents' Motion to Dismiss, (Dkt. 27), Petitioner is hereby ORDERED to submit an advisory to the Court by March 9, 2026, indicating whether he opposes dismissal of his petition.

Finally, until further notice, the Court's Order, (Dkt. 26), requiring the parties to provide the Court with an additional update on Petitioner's current health and medical status by March 9, 2026, remains in effect.

IT IS SO ORDERED.

SIGNED this March 4, 2026.

_____
Diana Saldaña
United States District Judge