United States District Court
Southern District of Texas
**ENTERED**
July 13, 2026
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **BINIYAM ALEMU GEBREMESKEL,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00086** |
| | § | |
| **WARDEN,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is Petitioner Biniyam Alemu Gebremeskel's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed on January 21, 2026. (Dkt. 1.) Petitioner challenges his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). (*Id.*) He alleges that his continued post-removal-order detention serves no legitimate governmental purpose and constitutes unconstitutional punishment under the Fifth Amendment because Respondents have acted with deliberate indifference by depriving him of necessary medical care while in custody. (*See* Dkt. 1 at 4, 9–10; Dkt. 16 at 4–5.)

On June 30, 2026, Petitioner was removed from the United States on a flight via Ethiopian Airlines, pursuant to a final order of removal. (*See* Dkt. 45, Attach. 1; Dkt. 47 at 1.) On July 7, 2026, Respondents filed an Updated Motion to Dismiss the petition for mootness, arguing that because Petitioner has been removed from the United States, the habeas petition should be dismissed. (Dkt. 47.)

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified). In

the immigration context, the removal of a noncitizen who challenges only the duration or conditions of his post-removal-order detention will typically moot the case because the requested relief can no longer be effectuated by the court. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (unpublished); *Sodipo v. U.S. Dep't of Just.*, 37 F.3d 629 (5th Cir. 1994) (unpublished); *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002). However, there are exceptions to mootness when the noncitizen can show that he would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g.*, *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

Here, Petitioner was removed from the United States on June 30, 2026. (*See* Dkt. 45, Attach. 1; Dkt. 47 at 1.) Because Petitioner challenged only the conditions under which he was detained, and he has now been released from confinement in DHS custody, his claims are moot because there is no relief to be effectuated by the Court. If future detention does occur, Petitioner may file another habeas corpus petition asserting his claims at that time.

Accordingly, Respondents' Updated Motion to Dismiss Petition for Writ of Habeas Corpus as Moot, (Dkt. 47), is hereby **GRANTED**. It is hereby **ORDERED** that Petitioner's petition is **DISMISSED WITHOUT PREJUDICE** as moot. The Clerk is hereby **DIRECTED** to terminate the case and all pending motions.

IT IS SO ORDERED.
SIGNED this July 13, 2026.

Diana Saldaña
United States District Judge

2 / 2